UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ISHAN FIRATLI | CASE NO. 6:25-CV-01966 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| BRYAN PATTERSON ET AL | MAGISTRATE JUDGE DAVID J. AYO |

RULING AND ORDER

The present matter before the Court is the Motion for Temporary Restraining Order, Motion for Preliminary Injunction [ECF No. 14] filed by habeas petitioner Ishan Firatli. For the reasons stated below, the Motion is DENIED.

Petitioner alleges that he is a citizen of Turkey and entered the United States on May 11, 2022 near El Paso, Texas where he was detained and processed by the Department of Homeland Security ("DHS").[1] He claims that he "was not placed in expedited removal proceedings and was not served a Form I-860, Notice and Order of Expedited Removal."[2] A May 12, 2022 Notice and Order of Expedited Removal states that Petitioner "entered into the United States illegally on 05/11/2022 at/near El Paso, Texas" and was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document.[3] On June 3, 2022, Petitioner was released on humanitarian parole under § 1182(d)(5)(A).[4] Petitioner then filed for asylum with Defendant USCIS.[5] Petitioner's application was denied on the grounds that Petitioner was "apprehended by DHS officials, placed in expedited removal, and issued a Form I-860, Notice and

---

[1] ECF No. 1 at ¶¶ 8, 16.
[2] *Id.* at ¶ 18.
[3] ECF No. 19-1.
[4] ECF No. 14-3.
[5] ECF No. 1 at ¶ 20.

1

Order of Expedited Removal."[6] However, the government stated that Petitioner "may still have …[a] claim for fear considered by an asylum officer through the credible fear screening process pursuant to 8 CFR 208.3."[7]

Petitioner was detained on November 18, 2025, while "attending an ICE check-in" and ultimately transferred to the facility where he now remains in detention.[8] On January 13, 2026, USCIS rejected Petitioner's credible fear claim. Petitioner then filed his first Motion for Preliminary Injunction and Temporary Restraining Order requesting injunctive relief to halt his expedited removal based on the negative credible fear finding.[9] Petitioner argued, *inter alia*, that he was improperly detained under the expedited removal process. On January 15, 2026, an immigration judge overturned USCIS' finding of negative credible fear, and Petitioner's original motion for injunctive relief was withdrawn.[10] While the immigration judge's order has created some confusion by erroneously suggesting that Petitioner was still subject to the expedited removal process, the record indicates that Petitioner was placed into the "full" removal process once the credible fear finding was reversed and the government proceeded with his application. Petitioner does not appear to contest that he is currently in a full removal proceeding.[11]

Petitioner subsequently filed the present Emergency Motion for TRO and Motion for Preliminary Injunction challenging the immigration judge's denial of bond pending a hearing on his application.[12] Petitioner asserts that his continued detention violates the APA and due process under the Fifth Amendment.

---

[6] ECF No. 14-4.
[7] *Id.*
[8] ECF No. 1 at ¶ 22.
[9] ECF No. 7.
[10] ECF No. 19-2.
[11] ECF No. 18 at 2.
[12] ECF No. 14.

To obtain injunctive relief, a movant must establish: "(1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest."[13] To show a substantial likelihood of success on the merits, a movant "must present a prima facie case, but need not prove that he is entitled to summary judgment."[14]

The Court finds that Petitioner has not established a substantial likelihood of success on the merits for at least three reasons. <u>First</u>, Petitioner's APA claim is grounded on his argument that the government erroneously found a lack of credible fear and improperly placed him into an expedited removal proceeding. In his original motion, Petitioner argued that he did not qualify for expedited removal because he had been paroled and because of the length of time he had been present in the United States. But this APA claim is moot because Petitioner's original negative credible fear finding was reversed and Petitioner is no longer being processed under an expedited removal proceeding.

<u>Second</u>, the Fifth Circuit recently ruled that "applicants for admission" who are "seeking admission" and are "not clearly and beyond a doubt entitled to be admitted" are subject to mandatory detention under 8 U.S.C.§ 1225(b)(2) even if they have been present in the United States for an extended period of time.[15] Here, based on the Fifth Circuit's reading of § 1225(b)(2), Petitioner satisfies each of these requirements even though he has been present in the United States for a number of years.

---

[13] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).
[14] *Id.*
[15] *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb 6, 2026).

Petitioner attempts to distinguish *Buenrostro-Mendez* by arguing that the Fifth Circuit did not address whether mandatory detention under § 1225(b)(2) while a detainee is actively pursuing an asylum application violates due process under the Fifth Amendment. Petitioner grounds his due process claim on statistics purportedly showing that asylum applicants who are detained are less successful in obtaining asylum than applicants who are not detained. Petitioner is correct that *Buenrostro-Mendez* did not address the petitioners' due process arguments in that case—the court's opinion was based on its statutory interpretation of § 1225(b)(2) and related provisions. Nevertheless, the Court concludes that the statistics cited by Petitioner do not provide a sufficient basis for a due process claim. Petitioner has been able to avail himself of the process afforded by the INA. Indeed, he was able to successfully challenge his initial negative credible fear finding as well as his placement in an expedited removal proceeding. Petitioner is also ably represented by counsel, who has continued to litigate his application and claims in this proceeding. He simply has not shown, with respect to ***his case***, that he has not been afforded adequate due process.

<u>Third</u>, Petitioner argues that he was originally paroled and that this fact precludes mandatory detention. Petitioner is correct that the petitioners in *Buenrostro-Mendez* apparently had not been paroled. However, nothing in the statutory language of § 1225(b)(2) or the Fifth Circuit's interpretation of that provision makes a distinction for applicants who, at some point, had been granted parole. Here, while Petitioner was originally granted parole, that parole was subsequently revoked. Petitioner was then detained pending a decision on his asylum application. As previously explained, Petitioner is an "applicant for admission" and satisfies the requirements for mandatory detention under § 1225(b)(2) as construed in *Buenrostro-Mendez*.

In sum, Petitioner has not demonstrated that he is likely to succeed on the merits of his claims challenging his mandatory detention under § 1225. Accordingly, Petitioner's Motion for Temporary Restraining Order, Motion for Preliminary Injunction [ECF No. 14] is DENIED.

IT IS SO ORDERED.

THUS DONE in Chambers on this 27th day of February, 2026.

                                                ROBERT R. SUMMERHAYS  
                                                UNITED STATES DISTRICT JUDGE